IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY LAPE,

        Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

Case No. 3:16-cv-00712-MA

OPINION AND ORDER

GEORGE J. WALL
1336 E. Burnside St., Suite 130
Portland, OR 97214

    Attorney for Plaintiff

BILLY J. WILLIAMS
United States Attorney
District of Oregon
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

JORDAN D. GODDARD
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

MARSH, Judge

Plaintiff Gary Lape seeks judicial review of a decision of the Commissioner of Social Security denying in part his claim for Supplemental Security Income ("SSI") disability benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons that follow, I reverse and remand the Commissioner's decision for further administrative proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was struck by an automobile while he was crossing the street on April 22, 2012, resulting in fractures to his spine, pelvis, legs, and hips. Tr. Soc. Sec. Admin. R. ("Tr.") at 244-46, 252-60, ECF No. 9. Plaintiff had multiple surgeries and spent a month in the hospital. In his three months in a rehabilitation center, Plaintiff made excellent progress in occupational and physical therapy, and he was discharged August 28, 2012. Tr. 486. On May 28, 2013, Plaintiff underwent an additional surgery to excise a bony growth from his right hip and to remove a screw from his left femur. Tr. 637-42.

On July 6, 2012, Plaintiff protectively filed an application for SSI disability benefits, alleging disability beginning April 22, 2012. Plaintiff's claim was denied initially and upon reconsideration. Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). An ALJ held a hearing on October 21, 2014, at which Plaintiff appeared with his attorney and testified. A vocational expert, Thomas P. Weiford, also attended the hearing and testified. On December 3, 2014, the ALJ issued a partially favorable decision, finding Plaintiff disabled from April 22, 2012 through May 30, 2013. However, the ALJ found medical improvement of his condition that ended his disability on May 31, 2013, such that Plaintiff had the residual functional capacity to perform

other jobs that exist in significant numbers in the national economy. Tr. 35-36. The Appeals Council denied Plaintiff's request for review, and therefore, the ALJ's decision became the final decision of the Commissioner for purposes of review.

Born in 1966, Plaintiff was 46 years old on the date the ALJ found is disability ended, and 48 years old on the date of the ALJ's decision. Plaintiff has obtained a GED, has worked in the past in various manual labor positions on a temporary basis, and has no past relevant work.

## THE ALJ'S DISABILITY ANALYSIS

In this case, the ALJ found Plaintiff disabled for a closed period from April 22, 2012 through May 30, 2013, and that Plaintiff experienced medical improvement and is no longer disabled as of May 31, 2013. *See Attmore v. Colvin*, 827 F.3d 872, 874 (9th Cir. 2016) (referring to "closed period" cases as those "where the ALJ finds in a *single* decision that the claimant was disabled for a closed period of time but has since medically improved") (emphasis in the original). The ALJ first applied the familiar five-step sequential evaluation process for determining disability. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (describing five steps). At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since April 22, 2012. At step two, the ALJ found that from April 22, 2012 through May 30, 2013, Plaintiff has the following severe impairments: pelvic fracture, tibial plateau fracture, left knee ligament tear and bunion. At step three, the ALJ found that Plaintiff's impairment or combination of impairments, did not meet or medically equal a listed impairment.

The ALJ assessed that from April 22, 2012 through May 30, 2013, Plaintiff had the residual functional capacity ("RFC") to perform sedentary work but with the following limitations:

> [Plaintiff] has to change positions at will. He can never climb ladders, ropes or scaffolds, kneel, crouch or crawl. He can no more than occasionally climb ramps and stairs or stoop. He must avoid concentrated exposure to hazards. He must be permitted to take three extra breaks per day for 15 minutes each.

Tr. at 28.

At step four, the ALJ found that Plaintiff has no past relevant work. At step five, the ALJ determined that from April 22, 2012 through May 30, 2013, considering Plaintiff's age, education, work experience, and residual functional capacity, there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform. Plaintiff does not challenge this determination.

The ALJ then followed the seven step sequential evaluation process for determining whether a claimant's disability continues or ends. *See Owen v. Comm'r Soc. Sec. Admin.*, No. 3:08-cv-06208-KI, 2013 WL 1149535, *1 (D. Or. Mar. 19, 2013) (describing seven step medical improvement standard for SSI claims); 20 C.F.R. § 416.994 (same). The ALJ determined that Plaintiff has not developed any new impairments since May 31, 2013, and that his impairments do not meet or medically equal a listed impairment. The ALJ found that medical improvement occurred as of May 31, 2013, and that it is related to his ability to work because there has been an increase in Plaintiff's RFC. The ALJ found that as of May 31, 2013, Plaintiff has the RFC to perform sedentary work with the following additional restrictions:

> [Plaintiff] has to change positions at will. He can never climb ladders, ropes or scaffolds, kneel, crouch or crawl. He can no more than occasionally climb ramps and stairs or stoop. He must avoid concentrated exposure to hazards.

The ALJ found that Plaintiff has no past relevant work, his age and education have not changed, and considering these factors, there are jobs that exist in significant numbers in the national

economy that claimant can perform, such as wafer breaker and taper. Therefore, the ALJ concluded that a finding of "not disabled" was warranted and that his disability ended on May 31, 2013. Plaintiff challenges this unfavorable portion of the ALJ's decision.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied the proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotations omitted); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Batson v. Commissioner Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001); *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

## DISCUSSION

In this closed period case, the ALJ's decision necessarily entails two separate analyses: (1) the familiar five step sequential analysis for assessing disability; and (2) the seven step sequential evaluation for determining whether disability continues or has ended. *Compare* 20 C.F.R. § 416.920

5 - OPINION AND ORDER

*with* 20 C.F.R. § 416.994. The difficulty for the court in this particular instance is that Plaintiff's arguments challenging the ALJ's findings that he medically improved and his disability ended in the seven step sequential evaluation are largely undeveloped and lack specificity.

In his briefing before me, Plaintiff broadly argues that the ALJ's findings pertaining to the unfavorable portion of the decision are not supported by substantial evidence. Pl.'s Opening Br. at 2, ECF No. 10. Plaintiff contends that the ALJ erred in evaluating the opinion of his treating physician David Pierce, M.D., failed to identify any medical source to support the RFC in the unfavorable portion of the decision, and failed to provide clear and convincing reasons for the adverse credibility determination. *Id.* at 7.

Based on the ALJ's decision, and the fact that Plaintiff purports to be appealing the ALJ's unfavorable portion of the decision only, Plaintiff should have directed his arguments to the ALJ's seven step analysis of medical improvement pursuant to 20 C.F.R. § 416.994. Yet, in Plaintiff's Opening Brief, he fails to cite 20 C.F.R. § 416.994, case law applying the relevant regulations, or even allude to the standards for evaluating continuing disability and medical improvement. Instead, Plaintiff discusses the ALJ's five-step portion of the ALJ analysis, and then summarily refers to the ALJ's finding that Plaintiff has not been under a disability after May 30, 2013. *See* Pl.'s Opening Br. at 6. For its part, the Commissioner has responded only to Plaintiff's arguments, and likewise fails to analyze the ALJ's findings in the context of the medical improvement standards set forth in 20 C.F.R. § 416.994.

Because I have identified legal error in the ALJ's decision, and conclude that one of Plaintiff's arguments is well-taken, I conclude reversal is required. *See Attmore*, 827 F.3d at 875

(holding ALJ's findings may be reversed if based on legal error or are not supported by substantial evidence); *Molina*, 674 F.3d at 1110 (same).

I. **The ALJ Erred in Analyzing Medical Improvement and the RFC is not Supported by Substantial Evidence**

In a closed period case, the "ALJ should compare the medical evidence used to determine that the claimant was disabled with the medical evidence existing at the time of asserted medical improvement." *Attmore*, 827 F.3d at 874; *Waters v. Barnhart*, 276 F.3d 716, 718-19 (5th Cir. 2002) (holding that "in closed period cases, the ALJ engages in the same decision-making process as in termination case" and thus medical improvement standard applies to the cessation date); *accord McCalmon v. Astrue*, 319 Fed. App'x 658, 659 (9th Cir. 2009) (describing standard for medical improvement). As the Ninth Circuit recently explained:

> A Social Security disability benefits claimant is no longer entitled to benefits when substantial evidence demonstrates (1) "there has been any medical improvement in the [claimant's] impairment" and (2) the claimant "is now able to engage in substantial gainful activity." 42 U.S.C. § 423(f)(1). To determine whether there has been medical improvement, an administrative law judge (ALJ) must "compare the current medical severity" of the claimant's impairment to the medical severity of the impairment "at the time of the most recent favorable medical decision that [the claimant] w[as] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(7).

*Attmore*, 827 F.3d at 873; *accord* 42 U.S.C. § 1382c(a)(4) (providing that if claimant's condition improves medically and he is able to engage in substantial gainful activity, he is no longer disabled); 20 C.F.R. § 416.994(b) (same).

Once a claimant has been found to be disabled, a presumption of continued disability arises in the claimant's favor. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007); *Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir. 1993). The Commissioner bears the burden of establishing that a claimant has experienced medical improvement that would allow him to engage in substantial gainful activity.

7 - OPINION AND ORDER

*Murray*, 722 F.2d at 500. "A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [a claimant's] impairment(s)." 20 C.F.R. § 416.994(b)(1)(i).

The court finds that the ALJ has committed harmful legal error in finding medical improvement. The ALJ's finding of medical improvement rests on CT scans and x-rays showing "healing fractures and no problems or issues with non-union" obtained during Plaintiff's multiple emergency room visits after his May 28, 2013 surgery. Tr. 32, 732, 735, 748. The ALJ also cited Plaintiff's lack of treatment for pain related complaints. Tr. 32. However, the ALJ did not undertake a proper comparison of Plaintiff's disability finding with the current medical information. *Attmore*, 827 F.3d at 876; 20 C.F.R. § 416.994(1)(b)(i). In the decision, the ALJ focused on the lack of pain complaints, and the new imaging of Plaintiff's fractures without discussing how the signs, symptoms and laboratory findings compared to earlier reports. *See Purnell v. Colvin*, No. CV-14-02716-PHX-ESW, 2016 WL 8671597, *6 (D. Ariz. June 17, 2016) (noting the ALJ's finding of medical improvement "must not be given short shrift.").

"[A]n ALJ may not move to the evaluation of a claimant's RFC without first finding medical improvement, and the Act does not authorize an ALJ to find medical improvement without making the comparison of prior and current medical evidence." *Medina v. Colvin*, No. 14-cv-01967-DMR, 2015 WL 5448498, *8, 11 (N.D. Cal. Aug. 21, 2015) (holding that lack of treatment for musculoskeletal complaints, CT scan, and physician reports of improvement in the record cannot support finding of medical improvement absent proper comparative analysis by the ALJ).

Here, the ALJ's finding medical improvement rests almost entirely on the lack of Plaintiff's

subjective complaints of pain, and lack of treatment. Indeed, the medical record in this case after Plaintiff's May 28, 2013 surgery consists largely of Plaintiff's emergency room visits for falls involving Plaintiff's intoxication and his complaints to treating providers appear unrelated to his earlier disability impairments. However, a lack of treatment and a negative credibility determination do not satisfy the Commissioner's burden of showing medical improvement, particularly where the ALJ fails to undertake the necessary comparison of prior and current medical evidence. *Purnell*, 2016 WL 8671597 at *6-7; *see also Anderson v. Astrue*, No. EDCV-07-1505-AJW, 2008 WL 4500882, *4 (C.D. Cal. Oct. 6, 2008) (distinguishing finding of medical improvement with finding that claimant has RFC to perform work); *Threet v. Barnhart*, 353 F.3d 1185, 1190 n.7 (10th Cir. 2003) (noting that medical improvement finding based solely on claimant's lack of treatment and adverse credibility was "dubious").

Furthermore, as Plaintiff correctly argues, the ALJ erred in partially crediting the opinion of nonexamining physician Roy Brown, M.D., at step seven when considering Plaintiff's current impairments and fashioning the RFC. Tr. 34-35. Dr. Brown reviewed the medical evidence in the record at the time, and found that the latest evidence showed Plaintiff was being released to normal activities. Tr. 79. On May 30, 2013, in a Physical Residual Functional Capacity Assessment, Dr. Brown opined that Plaintiff could occasionally lift and carry 25 pounds, frequently lift and carry 20 pounds, and could stand, walk, and sit for six of eight hours in a work day. Tr. 78. Dr. Brown further opined that Plaintiff could occasionally crawl, crouch, kneel or climb ladders, ropes and scaffolds, and nor more than frequently stoop or climb ramps and stairs. Tr. 78. In the decision, the ALJ gave Dr. Brown's opinion some weight, but noted that for the period after May 30, 2013,

Dr. Brown's opinion was not consistent with the severity of Plaintiff's original injuries or Plaintiff's continuing, though infrequent pain complaints. Tr. 35.

As Plaintiff correctly highlights, Dr. Brown provided the May 30, 2013 opinion before reviewing the objective medical evidence relating to Plaintiff's May 28, 2013 surgery to remove painful hardware and excise bony growth on Plaintiff's right hip. Additionally, Dr. Brown did not review or rely upon any of Plaintiff's medical records post-dating that surgery in his May 30, 2013 opinion when assessing Plaintiff's physical capacity. Therefore, Dr. Brown's opinion does not provide substantial evidence to support an RFC purportedly reflecting Plaintiff's functioning for the period after May 30, 2013. Accordingly, the ALJ has erred.

This error is not harmless. *Molina*, 674 F.3d at 1111 (holding that the court may reverse only for harmful errors). The ALJ discounted the opinions of Plaintiff's treating physicians Dr. Pierce, Amy Asher, M.D., and nurse practitioner Jacquelyn Quetal, F.N.P., leaving no medical evidence or assessment of Plaintiff's physical capacities to support the ALJ's RFC. Therefore, on the record before me, I conclude that the ALJ's finding that Plaintiff's RFC improved such that he can perform substantial gainful activity is not supported by substantial evidence.

## II. Remand

After finding the ALJ erred, this court has the discretion to remand for further proceedings or for immediate payment of benefits. *Garrison*, 759 F.3d at 1021. The issue turns on the utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). Generally, the proper course is to remand for further proceedings. *Beneke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed. *Garrison*, 759 F.3d at

1021. The Ninth Circuit has established a three part test to determine whether to credit evidence and remand for payment of benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d at 1020. It is an abuse of discretion to "remand[ ] for an award of benefits when not all factual issues have been resolved." *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). Even if the "credit-as-true" criteria are met, the court retains the "flexibility" to remand for further proceedings where "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021; *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (holding court retains discretion whether to credit evidence).

On this record, I conclude that outstanding issues must be resolved before a final determination of disability can be made. I have concluded that the ALJ erred in the medical improvement analysis. The ALJ did not undertake the appropriate comparison of the medical evidence of Plaintiff's prior and current medical evidence. The record also lacks a physical consultative examination. A complete physical capacities assessment may clarify whether Plaintiff has experienced medical improvement. Additionally, the ALJ erred in partially crediting Dr. Brown's opinion. Thus, on the record presently before me, substantial evidence does not support the ALJ's assessment of Plaintiff's current physical functioning and RFC. Accordingly, the proper remedy is to remand for further administrative proceedings. Furthermore, I decline to order immediate award of benefits because the record as a whole creates serious doubt as to whether Plaintiff is, in fact, disabled. *Garrison*, 759 F.3d at 1020.

Based on the foregoing, I exercise my discretion and conclude a remand for further proceedings is required to permit the ALJ: (1) to further develop the record by obtaining a consultative physical capacities examination to assess Plaintiff's current physical functioning; (2) reassess whether Plaintiff's disability benefits should be terminated based upon Plaintiff's medical improvement; (3) continue with the seven step sequential evaluation; (3) evaluate whether Plaintiff is capable of performing other work that exists in significant numbers in the national economy, with assistance of a vocational expert if necessary; and (4) any other actions necessary to complete the record and issue a decision consistent with applicable law as set forth above.

## CONCLUSION

For the reasons stated above, the Commissioner's final decision denying benefits to Plaintiff is REVERSED and this proceeding is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this 20 day of APRIL, 2017.

Malcolm F. Marsh
United States District Judge